It is case number 171749 and it is an appeal from the United States Court of Appeals for Appeals. Ms. Bennett, I understand you want two minutes for rebuttal? Ms. Bennett Yes, Your Honor. Ms. Bennett Okay. You may begin. Ms. Bennett May it please the Court, this appeal is about requiring the Board to abide by a fair process. There are three criteria governing effective withdrawal of an appeal under 38 CFR section 20.204b1. The withdrawal must be explicit, unambiguous and done with a full understanding of the consequences on the part of the claimant. Mr. Zients When you say those are three requirements, you're not reading from the regulation, right? Ms. Bennett Correct, Your Honor. I'm not reading from the regulation. The three criteria are an interpretation of the regulation by the Veterans Court that's been put forward in the D'Alesio case and more recently in the presidential Warren v. McDonald case. But I would agree that the regulation itself is silent. Mr. Zients Do we have to decide whether that three-part interpretation is in fact a proper interpretation of one or the other of the two regulations that you've relied on here? Ms. Bennett I would submit that the Court has to adopt some interpretation. I think the VA's brief cites to a number of non-presidential decisions that have recently been put forward by the Veterans Court where you see that there is some disparity in terms of how this rule is being applied. And this Court is free to reinterpret it differently than the Veterans Court, but at a minimum I think this Court has to interpretation the regulation. So there is some guidance both to the Board and to claimants who are in this situation. Ms. Zients So it's your view that the interpretation of the regulation as applied by the Board was unreasonable? Ms. Bennett There was no application of the legal standard the three criteria by the Board. There were absolutely no factual findings as to what the Veteran did or did not understand. And so we would argue it's not a misapplication, it's that there's no application and that's erroneous and cannot shield the VA from further review. Ms. Zients When I look at this transcript on which you are coming in in the middle of a conversation, it appears that there was at least some understanding on the part of the hearing officer that something was going to be withdrawn. Where did that come from? Ms. Bennett I would agree with Your Honor, unfortunately whatever conversation may have been had was not on the record as was required by the regulation. What seems to have happened is that the representative who was not an attorney, he was assigned by the Disabled Veterans Association of America, had some sort of off-the-record discussion with the hearing officer. We have no indication that that conformed to what Mr. Acree understood, what he wanted to happen. And I believe if Mr. Acree were being called to testify, I mean we can't rely on this, but he would say that he never intended to give up certain claims, especially the PTSD claim and the claim for Gulf War hazards. Those were incredibly important to him. His representative had some sort of conversation with the hearing officer on the record. He said yes and then it was over. And I think that that just illustrates the need for the questions from the hearing officer to be coming directly to the veteran and were there to be some clarification of, you understand this is being given up forever, or not forever, but you understand that you are giving up this claim, you understand what the consequences of this withdrawal are, are you on any substances today that would prevent you from agreeing to what we understand is occurring. And it would take really 30 seconds, it would not be administratively burdensome and would guarantee that a claimant, someone who's not a sophisticated litigant and in this situation someone who didn't have legal counsel, wouldn't end up after that hearing unsure as to what had happened and what he had given up. Do you think that there is a similar kind of requirement when the withdrawal is submitted on a piece of paper? And if, I mean I don't see that in the regulation. The regulation says in writing, and it doesn't say, and you must also either have a certificate that says, I fully understand everything and I work with the kind of language you use, I'm not on impairing medications or something. Why would there be more at an oral hearing than in writing? I understand the regulation just states certain information that must be provided to withdraw the claim. I'd submit that the standard should be different because when you're submitting something in a writing, you know, you have time to go ask questions of someone, you have time to think about it, you have time to maybe research and make sure that you're comfortable with what it is that you're signing, you're affirmatively making the submission. I think a really good analogy is a settlement agreement that's done, you know, in the courtroom or in the midst of a proceedings. If you have a settlement agreement that's in writing, that's submitted to the court, you have the text of what the parties have agreed to and you can presume that there's informed consent and that everyone is entering into this willingly. But when a settlement agreement is put on the record in court, very often there's a discussion with the court that everyone has agreed to these terms, there are no misunderstandings because the last thing that a court presiding over a case that's settled wants to happen is that people are not sure as to what it is they've agreed to. So just the nature of submitting something in a writing, which has kind of built into it informed consent and... The veteran himself does not have to sign this writing, right? No, his representative could sign the writing. So is it your position that to the extent there were off-the-record conversations, that those off-the-record conversations actually violated the writing requirement? There was no writing and I think the writing requirement just doesn't apply in this case. If the representative had had these conversations with the hearing officer, gone back to his client, they had written it all down and he'd sign it and they submitted it, we wouldn't be here today. We're here today because we have no confirmation that the veteran actually stood what was transpiring in the middle of this hearing where people are nervous and you have a person of authority on the bench and just saying yes and not delving into that further, I'd submit is an error under the controlling precedent of the Veterans Court. The red brief points to a CD or a disc that was submitted to the hearing officer beforehand and the implication is that somehow that could be read to narrow what the party wanted to discuss. I can't find that in the record or any reference to it in the record. Do you have access to that CD or disc? I've never seen that CD or disc. What I would say is that even if you assume that the disc stands for what the VA says it stands for, you perhaps have something that is expressed and unambiguous but it still doesn't get to what the claimant did or did not understand was happening on the day of that hearing or whether he even had the capacity to understand what was happening at the hearing. The whole error here that is really critical and this is bottom of page three of the appendix, top of page four, is that the Veterans Court acknowledged Elysio, never suggested there was anything wrong with this standard, said first two criteria are met and we find them met very strongly so we need not address the third factor and that is the error. That cannot be the rule that in some situations the board has to apply all three factors and in other situations it can only apply two and then stop and not worry about whether or not the claimant understood. Did the court really say we don't need to address the third factor? Did the court say that when the first two factors are so clearly apparent that we can infer that the third factor was satisfied? It said that the board was not required to delve into further analysis and that the explanation provided is adequate. Respectfully, that is never, it's never going to be the case where the first two factors can be so strong that you can presume the third factor because you have no indication one way or the other what the veteran actually thought. It would have taken very little to just simply ask you understand that you are giving up these claims and here are the claims that you're giving up and then there would be a record as to what the veteran understood but just saying yes can never get you to satisfy the third factor that someone actually understood. To the extent that we find that the board, I mean the court properly cited the legal standard and then made a finding that the legal standard was satisfied, do we have the jurisdiction to review that conclusion? I think you absolutely have jurisdiction. We have no indication at the board level that this controlling legal standard, a rule of law was ever applied. The board never mentioned the three criteria in D'Alesio, never made any findings. The only thing that the board wrote is that the withdrawal is effective without giving any indication as to how they got there and then the veterans court in reviewing how the board may have got there said, well, you know, looking at this, we think the first two criteria is satisfied, need not reach the third and I would really direct. Can I just ask, I mean, we don't have jurisdiction to review what the board did. Only legal interpretations that the veterans court adopted. I would agree, but I would say that in the Martin V. McDonald case, which is 761 F third at 1369, this court said, this court's jurisdiction allows us to determine whether a veterans court decision may have rested on an incorrect rule of law and moreover, to determine that the correct rule of law requires factual determinations missing from the board's decision. So here we believe that everything that happened below rested on an incorrect rule of law. Yes, go ahead. Which is what? What was the incorrect rule of law? Not everything that we don't get to decide everything that happened below. We get to decide whether the veterans court, I think the language in Martin building on Colin Antonio, I can't ever say that case's name, is that where the veterans court decision may well have rested on a legal error. We can determine whether what it did was, did in fact rest on a legal error. And what is the legal error? Is it that the veterans court at the top of page three, is it, said Delisio and at the bottom of page three seems to have changed the three-part test into a two-part test? Exactly. Reading out the third requirement is the legal error and excusing the board from doing the full analysis required by the- Suppose that we didn't think that the regulations required in all circumstances what Delisio said in that sentence in Delisio. Do we have an independent basis for saying that the apparent inconsistency between the top of page three and the bottom of page three is a legal error? I would answer yes, because it's problematic in this case that the veterans court is saying that it can make, there can be some sort of factual determination between situations where there's some confusion and situations where they're not, that that standard would be incredibly difficult to apply and would be incorrect and unfair to the claimant in a non-adversarial setting when the VA is required to really help the veteran get through this process rather than put the burden on them to demonstrate some sort of confusion in order to have the protections under that federal regulation. You're just about into your rebuttal. You want to keep the rest of your time? Yes. I'll reserve my time. Good morning. And may it please the court. Mr. Acri essentially asked the court to review factual findings over which this court lacks jurisdiction, at least with respect to the withdrawal argument. And in any event, the court reached the right result. Well, I don't, you know, clearly if three-part test is what's appropriate and the court had said we look at every part and we make factual findings as to every part, I think you're right. We wouldn't have jurisdiction over that. The real question, though, is the question that Judge Toronto posed, which is what is our obligation vis-a-vis interpreting this regulation and its meaning? Your Honor, yes. I'd like to address that. On page three of the appendix is the pertinent passage I think Judge Toronto referred to. The board was making a factual finding that was reviewed by the Veterans Court for clear error. And the analysis that the Veterans Court applied was to look at whether there was an adequate statement, adequate explanation of the reasons or basis for the decision. So the board, the Veterans Court's analysis was focused on whether the board said enough to reach this conclusion that Mr. Ackery had withdrawn his claims. And what it said was in this situation, in this case, it actually uses those words in this case, it was not necessary for the board, it's not erroneous for purposes of making that adequate explanation of the withdrawal finding to explain and reach an affirmative decision as to whether or not Mr. Ackery understood the consequences. But it's clear they collapsed a three-part test into a two-part test, right? Well, Your Honor, I would agree. As the Veterans Court said, the board did not reach a specific factual finding as to whether or not Mr. Ackery understood the consequences. I think our position is that that is not legally erroneous. And for purposes of jurisdiction, I do want to make sure it's clear that the Veterans Court's jurisdiction here is to look at basically two things. Was there a clear error with respect to this factual finding? And secondly, alternatively, was there an adequate explanation of the reasons or basis for the decision? Both of those are factual determinations. Right, but the clear error has to depend on the legal standard that's governing the factual determinations, right? Yes, Your Honor, that's correct. But what the board did here, consistent with the regulation, was adopt a factual finding that was consistent with what the regulation requires, which as the appellant concedes, the regulation is silent as to what it takes to effectively withdraw a claim. And the board did make a factual finding. The board on page 11 of the appendix did say, under the heading of finding a fact, it noted the fact that Mr. Ackery had testified before the hearing officer during this hearing that a transcript was of the record and that a request to withdraw had been made. And that is a sufficient fact finding. The board doesn't need to cite Delisio specifically. That is not the board's obligation. The question is, and we still have to go back to first principles here, I mean, are you backing away from Delisio as a governing legal standard? No, Your Honor. I think we're not, as we've said in our brief, we're not really taking issue with Delisio. But we don't believe that in this case the board... But you're saying the board doesn't have to apply it in every case. Well, I'm not saying that the board doesn't have to apply it. What I'm suggesting is that the board does have to apply the regulation and the board comply with that obligation. What Delisio really does, if you look at the way the Veterans Court has interpreted Delisio since it was handed down in 2010 in a series of non-published decisions, some of which we cite in our brief, I believe page 27, is that it's taking really a practical approach. It's looking at situations where maybe the veteran has said something inconsistent in the record, maybe something has been said that's contradictory or ambiguous as to whether the veteran intentionally withdraws. In those situations, the Veterans Court has found on a clear air basis, it's appropriate to remand for the board to make further factual findings. I think we're all kind of getting at the same worry here. The Delisio language says A, B, and C. Do you agree that A, B, and C are required by one or the other of these two regulations? No, Your Honor. I don't believe that they ever... So you are disagreeing with Delisio's statement, the sentence, forget about the as applied in Delisio, its statement, the sentence, as a legal interpretation of 2204 or 3103. Well, Your Honor, to your question about whether it's required, the plain language of the regulation does not require those findings. You know that's not the question. Well, Your Honor, I just want to be clear that we're not taking issue with those findings with the Delisio formulation. As long as we don't have to apply it. Well, Your Honor, I think the question comes down to, the way that the Veterans Court has applied those criteria have not been a hard and fast rule that the board in every single case needs to reach each of those problems. So you are taking issue with the sentence in Delisio as a straightforward interpretation of what these regulations require. Well, I think Delisio, Your Honor, I do want to make sure I answer your question, but the Delisio itself was actually not interpreting the language in the regulation. Delisio was actually dealing on it. It analyzed the situation in which a purported withdrawal had occurred prior to a regional office decision. So it wasn't really grappling with the decision. So you may want to characterize it as dictum. I'm asking, do you agree with the proposition that those three requirements must be met for there to be a withdrawal other than in writing? Yes, Your Honor, I think we do. We're not challenging it. Okay, so if you take that as a given, then how do you square that with the bottom sentence of page 3, which says that in this case, the first two parts, even generously, the first two parts satisfy the third part. Well, Your Honor, what I think the Veterans Court was determining was, again, whether or not the board had adequately made an explanation. Made sufficient factual findings to provide for meaningful judicial review. That was the prism through which the Veterans Court looked. It was applying that standard to determine whether, if it was explicit and unambiguous and based on the record, in the absence of any other indication in the record that Mr. Acri did not understand the consequences of what was happening here. So in other words, if one and two are clearly satisfied, you don't need three anymore. Well, I think that's what the Veterans Court found with respect to this case. And our position is that that was not an error. And more broadly, this court doesn't have jurisdiction to review that determination because it really is not. But given that the first two requirements are what they are, which is explicit and unambiguous, tell me a case in which those two can be met and yet the third might not be. Well, Your Honor, I think the closest perhaps analogous case that would respond to that question. I'm sorry. If this is, if that's true in this case. What's the distinction? Well, Your Honor, I would draw the court's attention to the Ford decision by the Veterans Court's 2015 case. It was cited on page 27 of our brief. And in that case, the veteran had argued that he sought to contest the finding that he had withdrawn his claim. The veteran had said yes when he had asked if he wished to withdraw his claim. And the Veterans Court said in that case that the veteran on appeal before the Veterans Court had not demonstrated that he didn't understand the consequences. So there had not been an explicit finding made by the board. That's really what I think Mr. Ackery's argument is driving at. How much does the board need to explain in order to meet these standards? Are you saying the burden is on the veteran to say he didn't understand? Well, I think in Ford, that seemed to be what the Veterans Court held. I'm not suggesting that that would be the case in every situation. Is that consistent with the veteran-friendly canon? Well, Your Honor, the veteran-friendly canon, it would not really be implicated, I think, on this question. I think if the veteran is challenging a board decision on appeal, there is a burden on the veteran to show that there was some sort of clear error. In the Ford case, and I believe in that case, the veteran did show... But you're saying the standard should be explicit, unambiguous, and the veteran hasn't brought anything forward to indicate that he didn't understand. Your Honor, I'm not suggesting that's the case. I think what the Veterans Court has done with this standard is to apply it in not any sort of rigid formula, per se. What it has done is asking whether the board, on a case-by-case basis, has properly considered the evidence before it. Well, putting aside how veterans are supposed to know how to act, how do board members know what standard their conduct is to be measured by? Well, the board is... What we have here... I just want to focus on the language and the regulation because the VA, in promulgating this regulation, did not specify how these withdrawals made during a hearing are supposed to be affected. And that's important to... Especially when you look at the purpose of that. There were two changes made in 2003. One was to allow for an on-the-record withdrawal during a hearing, but the other was to let a veterans representative do the withdrawing for the veteran. I think the rule that Mr Acri is advocating would really complicate that process, in part because if you have a veterans representative who's speaking on behalf of the veteran, we want that to count for something. But in this case, the veterans representative didn't really speak on behalf of the representative... On behalf of the veteran. You just say, because he was there, we need to assume... Well, Your Honor, actually there are several references in the record where the veterans representative did speak on pages 147 and 148. What you see is... And I do want to respond to your initial question, I think, earlier, about the middle of the conversation, because I would agree that that's the way this transcript reads. You have the judge beginning the hearing and saying, I understand that certain claims you wish to withdraw. Now, there may well have been... You could very reasonably infer from that transcript there was a conversation that occurred prior to the hearing beginning. My understanding is that that is not uncommon in board hearings where you may have an off-the-record conversation. It's not a violation of a regulation, to which I'm aware. But what's... You would think that a careful judge or hearing officer would come on the record and describe in detail the conversation that occurred off the record if they wanted it to be an on-the-record withdrawal. Well, Your Honor, I think... In fairness to the judge here, I think what that... It is what he attempted to do by describing what... Making sure that the veteran wished... Listing out the claims, asking if he wished to withdraw them, the answer was yes. But then what follows from that is also relevant, because you have the judge referring to the other claims that were still in contention, and a discussion ensued with that. He asked the representative, have I got it correct? Of course, I'm paraphrasing. Have I got it correct? The representative said, yes, judge. And that's in the record as well. Well, if you agree that there's two steps to this process, what does the regulation require? And then the second would be the one that we wouldn't have essentially jurisdiction over with respect to factual findings. Certainly, we'd have a... We'd have jurisdiction over saying if the regulation requires three things and you never mention the third, that there is a problem in the record with respect to the ultimate conclusion. But how would you have us write this? Would you have us write it to say the regulation requires what Delisio says, and then say, but we can't question at all whether or not they comply with that legal standard? Your Honor, I don't think that this court needs to reach that, obviously, for the jurisdictional reasons that I mentioned, because this really is a factual finding. Especially if you look at that language in this case that the Veterans Court used, it is really the application of law to fact. I think in terms of writing a decision, I don't think that the court... We're not taking issue with Delisio, and I don't think there's really any dispute as to the Delisio formulation. But I do think we take issue with... But you cite a whole bunch of board cases that seem to ignore the third prong. Well, not all of them. And I just... To be clear, with respect to Ford, I'm not sure... The answer is yes, you do. Well, we cite a number of cases where the Delisio formulation has been applied, and it's been applied in a manner which is rather flexible. And I think that is really... I think our position is that that application works well. It leaves it to the discretion of the hearing officer, largely, to determine on a case-by-case basis as to what is appropriate. I think that the rule that Mr. Acrea argues would really frustrate that process to some degree. Can I ask on that question? I should probably know this by now. Can and do board hearings sometimes take place with only the representative there and not the veteran? Your Honor, I don't know. I know that the veteran would have the opportunity to testify if he or she wanted. Your question is whether the veteran could be completely absent. I'm not sure. Right, because I keep thinking, when I look at the regulation, it lays out what's to be done in writing. And I think it's agreed here that as to a writing, there's no requirement for further inquiry into whether the veteran understood what was being submitted in writing. So I ask myself, why should it be any different when the thing is done orally? And one circumstance, I guess, occurs to me to think about is what if the veteran isn't even there and the representative makes the withdrawal, which the 2003 modification of the regulation expressly contemplates. So is that a fictional scenario or is that a real-world scenario? Well, Your Honor, I can't speak to whether or not that really is the case where veterans don't appear. So I don't know the answer to that. But I do think, first of all, with respect to the Delisio language, that the Veterans Court has applied that to situations involving a written submission as well as an oral one. I think Mr. Acri's argument seems to be that we should have a different standard for hearing withdrawal versus a written withdrawal. Our position is that really complicates things. And especially when you do have the language... So you said the Veterans Court has applied it to written withdrawals as well? Yes, Your Honor. And I think this is another indication that the Delisio formulation that the Veterans Court set out was not attempting to sort of adopt a really new formulation that would apply just to the oral withdrawals because it cites... It's a 2010 decision, but it cites a number of cases that predate the 2003 change to the regulation. And at that point, you could only withdraw in writing. So there were four cases that the Veterans Court cited in Delisio, several of which, I believe three of which, actually predated that change. So the Veterans Court did not understand that it was adopting a rule that's specific to the hearing situation. Before you sit down, let me ask you a question. On page 148 of the appendix, the hearing officer says, or the judge says, prior to going on the record, it was indicated that additional documentary evidence was going to be submitted together with a waiver of regional office consideration. And we will accept that evidence into the record. What does that mean? Your Honor, I think this goes to the question you asked earlier about a CD. And my understanding is, and I don't know what's on the CD and I haven't personally looked at it, but I think this particular reference on page 148 is to the veteran's desire to provide a disc to the judge that contained certain evidence. And I believe that that evidence was related to his insomnia disability claim. And so he was, I believe that that reflects his desire to just give this, put this CD on the record. But I don't think that's pertinent really to the question that we're talking about. Okay. See, I'm out of time, but thank you. For these reasons, we respectfully request that the court dismiss for lack of jurisdiction or affirm the judgment below. Thank you. Ms. Bennett, I want to ask you before you rebut what he's going to say and I'll give you an extra minute if needed, but, or we can just wait to start till I'm finished. But what is it you want us to say? How would you envision that we would write this opinion? Your Honor, I envision that this court would write the opinion setting forth the standard which is put forth in Delizio and in the Warren B. McDonald case requiring that this is the standard the board must follow. I don't think the board needs to make detailed findings as to each of the three factors to ultimately reach the place where they find the withdrawal is effective, but there has to be a recognition at the board level that to reach the conclusion that the withdrawal is effective that there has been some record produced that shows what the claimant did or did not understand in particular that the claimant understood that they were giving up this claim. So you want us to say that the Delizio three-part test is the most reasonable reading of the regulation? Yes, Your Honor and make that Federal Circuit precedent. To Judge Taranto's question to my opponent as to whether the veteran would be required to attend the hearing, I'd submit that I don't know as a matter of procedure whether that requirement exists, but it seems that it would because you can't make factual findings I don't think based on what a representative or a lawyer is saying and in the Warren B. McDonald case we had a situation where the veteran called the VA on the phone and there's dispute as to whether he did or did not indicated that he wanted to withdraw his claims and the veteran's court there said that the phone call was not sufficient that he would inquire as to the veteran's intent live so I don't think that that's a hard and fast rule but it is some indication that to make the factual findings You made an analogy early in your argument to the way things are done in court and some idea that do you think that a lawyer who stands up in court and says we withdraw counts one and six of our complaint has to have the client there and there has to be a colloquy with the district court I think it totally depends on the type of matter I was in a family law dispute not very long ago where we entered into a settlement on the record at an evidentiary hearing and the state court judge there directed all of the questions to our clients not to us and he wouldn't enter the settlement until it was clear that the clients themselves understood what they had agreed to and that they had been properly advised by their counsel so that's one situation in my limited experience where the court I don't think would have taken just the lawyers representation that everyone understood what was happening to rebut what my opponent said during his argument I think we heard him concede that Delizio is the proper standard if so the veterans court cannot ignore the third requirement we also heard my opponent go on to say that the veterans court found that when criteria numbers one and two are satisfied then the third requirement need not be met those two statements are not enough to speak to that we would request that this court reverse and remand the veterans court thank you thank you for your pro bono service to the veteran in the